HONIGMAN LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506
Telephone: 313.465.7712
Facsimile: 313.465.7713
Glenn Walter (NY State Bar. No. 2731123)

*Counsel for the Authorized Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| **NORTHEAST INSURANCE COMPANY LIMITED,**[1] | Case No. 25- _____ [ ] |
| Debtor in Foreign Proceeding. | |

**VERIFIED PETITION OF NORTHEAST INSURANCE COMPANY LIMITED (IN PROVISIONAL LIQUIDATION) AND MOTION OF THE JOINT PROVISIONAL LIQUIDATORS FOR (A) RECOGNITION OF THE BERMUDA PROCEEDING AS A FOREIGN MAIN PROCEEDING OR, IN THE ALTERNATIVE, AS A FOREIGN NONMAIN PROCEEDING AND (B) CERTAIN RELATED RELIEF**

Michael Morrison and Mark Allitt of Teneo (Bermuda) Limited, in their capacities as the joint provisional liquidators and authorized foreign representatives ("**Petitioners**" or "**JPLs**") for Northeast Insurance Company Limited (in provisional liquidation) ("**Debtor**"), respectfully move for an order, substantially in the form attached hereto as Exhibit A (the "**Recognition Order**"), recognizing the proceeding currently pending before the Supreme Court of Bermuda (the "**Bermuda Court**"), Companies (Winding Up) Commercial Court, 2025: No. 252 (the "**Bermuda Proceeding**"), as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding.

---

[1] The Debtor is a limited liability company incorporated under Bermuda law. The Debtor's registered address is Clarendon House, 2 Church Street, Hamilton HM 11, Bermuda.

26923183.1

The Petitioners respectfully refer the Court to the *Memorandum of Law in Support of the Verified Petition* (the "**Memorandum of Law**"), the *Declaration of Mark Allitt Pursuant to 28 U.S.C. § 1746* (the "**Allitt Declaration**"), and the *Declaration of C. Christian Luthi in Support of the Verified Petition of Northeast Insurance Company Limited (in Provisional Liquidation) and Motion of the Joint Provisional Liquidators for (A) Recognition of the Bermuda Proceeding as a Foreign Main Proceeding or, in the Alternative, as a Foreign Nonmain proceeding, and (B) Certain Related Relief* (the "**Luthi Declaration**"), filed contemporaneously herewith, each of which is incorporated herein by reference. In further support, the Petitioners respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On October 7, 2025, the Debtor presented a petition to the Bermuda Court to, *inter alia,* wind up the Debtor and to appoint Michael Morrison and Mark Allitt of Teneo (Bermuda) Limited as joint provisional liquidators of the Debtor. The Bermuda Court has granted the request to appoint provisional liquidators and, by order dated October 9 , 2025 (the "**Bermuda Order"),** Petitioners were appointed as JPLs and duly authorized foreign representatives of the Debtor.[2] As set forth in greater detail below, the JPLs need relief from this Court, *inter alia*, to obtain a stay of multiple insurance claims that would otherwise deplete scarce resources to the detriment of policyholders and other creditors.

2. The Bermuda Order appointed the Petitioners as the joint provisional liquidators of the Debtor with full powers, including the authority to seek recognition of the Bermuda Proceeding and serve as the foreign representative in such proceeding.

---

[2] A true and correct copy of the Bermuda Order is annexed as Exhibit A to the Allitt Declaration

3. On the date hereof (the "**Petition Date**"), the JPLs commenced the case (the "**Chapter 15 Case**") by filing the a Form of Voluntary Petition and this *Verified Petition of Northeast Insurance Company (In Provisional Liquidation) and Motion of Joint Provisional Liquidators for (A) Recognition of the Bermuda Proceeding as a Foreign Main Proceeding, or in the alternative, as a Foreign Nonmain Proceeding, and (B) Certain Related Relief* (together with Debtor's Form of Voluntary Petition, the "**Verified Petition**") pursuant to sections 105, 1515–1517 and 1519-–1522 of title 11 of the United States Code (the "**Bankruptcy Code**").

4. The JPLs seek recognition of the Bermuda Proceeding as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding under section 1517 of the Bankruptcy Code.

5. Additional information regarding the Debtor and the JPLs, and additional information relevant to the Chapter 15 Case and the Verified Petition, is set forth in the Memorandum of Law, the Allitt Declaration and the Luthi Declaration.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, sections 109 and 1501 of the Bankruptcy Code and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

7. The Chapter 15 Case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of the Verified Petition under section 1515 of the Bankruptcy Code. Recognition of a foreign proceeding and other matters under Chapter 15 of the Bankruptcy Code have been designated core matters under 28 U.S.C. § 157(b)(2)(P).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1410 and is consistent with the interest of justice and convenience of the parties.

9. The statutory predicates for the relief requested herein are sections 105, 362, 1519, and 1521 of the Bankruptcy Code.

## BACKGROUND OF THE DEBTOR

10. The Debtor, registration number 4282, was incorporated as a limited liability company pursuant to the laws of Bermuda on December 16, 1975. The company is licensed under the Insurance Act 1978 of Bermuda as a Class 2 insurer. Its registered office address is Clarendon House, 2 Church Street, Hamilton HM 11, Bermuda. The Debtor has funded a retainer to its United States counsel and maintains such property in the United States.

11. The Debtor was incorporated for the purpose of, inter alia, insuring and reinsuring medical malpractice, professional liability, comprehensive general liability, auto liability, property deductible, directors' and officers' liability, and workers' compensation risks of its shareholder hospitals, UJA/Federation of Jewish Philanthropies of New York ("**UJA**") and camps, nursing homes and other not-for-profit charitable institutions associated with UJA.

12. During the year ended December 31, 2017, the Debtor determined to cease underwriting new risks and to enter a process of running off its existing liabilities. At the time it ceased writing new policies, it maintained sound reserves and prior to the commencement of the Bermuda Proceedings had met all of its obligations during this run off period.

13. In 2019, the State of New York passed the New York Child Victims Act (the "**CVA**") that extended the statute of limitations for victims of childhood sexual abuse to bring civil lawsuits against their abusers and institutions.

14. Fifty-five claims were brought in New York under the CVA against defendants that are insured by the Debtor. Most of these claims relate to incidents that occurred 30 to 40 years ago.

4

15. The CVA claims were unforeseeable at the time of cessation of writing new policies and, therefore, no corresponding reserves were funded at that time. The Debtor has determined that the liabilities associated with the CVA claims likely exceed the Debtor's assets. Accordingly, the Bermuda Proceeding was commenced to benefit from the mandatory stay of proceedings provided under Bermuda law and enable the Debtor to preserve its assets for the benefit of creditors as a whole.

## RELIEF REQUESTED

16. By this Verified Petition, the JPLs seek entry of an order granting ancillary relief in order to facilitate a potential restructuring of the Debtor's liabilities and / or the liquidation of the Debtor. The JPLs seek recognition of the Bermuda Proceeding in the United States, specifically:

    (a) entry of the Recognition Order after notice and a hearing:[3]

        (i) granting recognition of the Bermuda Proceeding as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code and granting related relief or, in the alternative, granting recognition of the Bermuda Proceeding as a foreign nonmain proceeding pursuant to section 1517(b)(2) of the Bankruptcy Code and granting related relief;

        (ii) granting relief as of right upon recognition of the Bermuda Proceeding as a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code if the Bermuda Proceeding is recognized as a foreign main proceeding;

---

[3] The Petitioners have requested a date and time for the hearing to consider entry of the Recognition Order pursuant to the Application by Joint Provisional Liquidators Mark Allitt and Michael Morrison for Order (I) Scheduling Hearing on Verified Petition of PB Life and Annuity Co., Ltd. (in Provisional Liquidation) and Motion for Recognition and Related Relief and (II) Specifying Form and Manner of Service of Notice (the "**Notice Motion**"), filed contemporaneously herewith.

(iii) whether the Bermuda Proceeding is recognized as a foreign main proceeding or foreign nonmain proceeding, granting additional relief under section 1521 of the Bankruptcy Code including:

(a) staying the commencement or continuation of any actions or proceedings concerning the Debtor's assets, rights, obligations or liabilities;

(b) staying execution against the Debtor's assets;

(c) suspending the right to transfer, encumber or otherwise dispose of the Debtor's assets; and

(iv) granting such further relief as the Court deems just and proper.

## BASIS FOR RELIEF REQUESTED

17. For the reasons set forth in the Memorandum of Law, the JPLs request that the Court enter the Recognition Order. The JPLs meet the standards for obtaining the relief requested herein and otherwise satisfy the statutory requirements for recognition and related relief under Chapter 15 of the Bankruptcy Code.

18. The Bankruptcy Code authorizes the Court to enter a final order, after notice and a hearing, recognizing a foreign proceeding if (i) such proceeding is a foreign main proceeding or a foreign nonmain proceeding, (ii) the foreign representative applying for recognition is a person or body and (iii) the application for recognition was properly filed in accordance with section 1515 of the Bankruptcy Code. 11 U.S.C. § 1517(a). The Bankruptcy Code further provides that a proceeding shall be recognized as a foreign main proceeding if it is pending in the country where the debtor has the center of its main interests ("**COMI**"). 11 U.S.C. § 1517(b)(1).

19. For the reasons discussed in the Memorandum of Law, entry of the Recognition Order is warranted because: (i) the JPLs are foreign representatives and (ii) the Verified Petition satisfies all of the statutory requirements for recognition and related relief under Chapter 15 of the Bankruptcy Code as a foreign main proceeding.[4]

20. First, the Debtor satisfies section 109(a) of the Bankruptcy Code, which is a precondition for Chapter 15 eligibility. As explained in the Memorandum of Law, a debtor need only have minimal "property" in the United States in order to comply with the terms of section 109(a). The Debtor satisfies this requirement by having funded a retainer to its United States counsel, which is held in the United States.

21. Second, the Chapter 15 Case was duly and properly commenced as required by sections 1504 and 1509(a) of the Bankruptcy Code by filing the Verified Petition and all other required documents in accordance with section 1515 of the Bankruptcy Code.

22. Third, as described in the Allitt Declaration and the Memorandum of Law, the JPLs qualify as a person or body, and each is a foreign representative within the meaning of section 101(24) of the Bankruptcy Code, *i.e.*, the JPLs are authorized in the Bermuda Proceeding to administer the Debtor's assets and affairs as determined by the Bermuda Court. [*See* Allitt Declaration ¶¶ 36-39.]

23. Fourth, the Bermuda Proceeding is pending in Bermuda, the Debtor's COMI. As described in detail in the Memorandum of Law, Bermuda is the main situs of the Debtor's business operations, and this fact is readily apparent to third parties. The Debtor clearly established Bermuda as its COMI well in advance of the Petition Date by centralizing its operations there.

---

[4] Although the JPLs believe that the Bermuda Proceeding is undoubtedly a foreign main proceeding, the JPLs have requested, in the alternative, that the Bermuda Proceeding be recognized as a foreign nonmain proceeding out of an abundance of caution. The bases for recognizing the Bermuda Proceeding are set forth in the accompanying Allitt Declaration and Memorandum of Law, filed contemporaneously herewith.

24. In the event that the Court concludes that the Debtor's COMI is not Bermuda, the Court should recognize the Bermuda Proceeding as a foreign nonmain proceeding. A foreign nonmain proceeding takes place in a jurisdiction that is not the entity's center of main interests but where it has an "establishment," defined as "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. §§ 1502(2), (5). As of the date of the filing of the Chapter 15 petition the Debtor had a place of business and officers in Bermuda. Thus, it is evident the Debtor has an establishment in Bermuda.

25. As described in the Memorandum of Law and above, this Court's recognition of the Bermuda Proceeding as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding, and granting the relief requested herein pending a hearing on the Recognition Order- in addition to the relief automatically granted upon recognition pursuant to section 1520 of the Bankruptcy Code-is consistent with the purposes of Chapter 15 of the Bankruptcy Code and with the public policy of the United States. Therefore, the JPLs respectfully request that, upon notice and a hearing, the Court grant the Recognition Order and such other and further relief as the Court may deem just and proper.

## **NOTICE**

26. No trustee, examiner or statutory committee has been appointed in the Chapter 15 Case. Notice of this Verified Petition has been provided to: (a) the United States Trustee for the Southern District of New York and (b) all other parties entitled to receive notice under Bankruptcy Rule 2002(q).

WHEREFORE, the Petitioners respectfully request (i) entry of the Recognition Order, substantially in the form attached hereto as <u>Exhibit A</u> and (ii) such other and further relief as the Court deems just and proper.

Dated: October 13, 2025

                HONIGMAN LLP

                By: <u>*/s/Glenn S. Walter*</u>
                    Glenn S. Walter [Bar No. 2731123]
                    2290 First National Building
                    660 Woodward Avenue
                    Detroit, Michigan 48226-3506
                    Telephone: 313-465-7712
                    Facsimile: 313-465-7713
                    gwalter@honigman.com

                *Counsel for Authorized Foreign Representative*

## **VERIFICATION OF PETITION**

Mark Allitt, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury under the laws of the United States of America as follows:

I am a senior managing director of Teneo (Bermuda) Limited and a duly appointed foreign representative of the Debtor. As such, I have full authority to verify the foregoing Verified Petition on behalf of the Debtor.

I have read the foregoing Verified Petition, and I am informed and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information and belief.

Dated: October 13, 2025
      19 Par-La-Ville Road
      3rd Floor
      Hamilton HM 11, Bermuda

By: _____
     By: Mark Allitt
     Joint Provisional Liquidator