UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| NORTHEAST INSURANCE | ) | |
| COMPANY LIMITED,[1] | ) | Case No. 25-_____( ) |
| | ) | |
| Debtor in Foreign Proceeding. | ) | |
| | ) | |
| | ) | |

**DECLARATION OF C. CHRISTIAN R. LUTHI IN SUPPORT OF THE
VERIFIED PETITION OF NORTHEAST INSURANCE COMPANY LIMITED (IN
PROVISIONAL LIQUIDATION) AND MOTION OF THE JOINT PROVISIONAL
LIQUIDATORS FOR (A) RECOGNITION OF THE BERMUDA PROCEEDING
AS A FOREIGN MAIN PROCEEDING OR, IN THE ALTERNATIVE,
AS A FOREIGN NONMAIN PROCEEDING, AND (B) CERTAIN RELATED RELIEF**

I, C. Christian R. Luthi, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

**INTRODUCTION**

1. I am a Barrister and Attorney duly admitted to practice in Bermuda and a Director and the Chairman of the Bermuda law firm Conyers Dill & Pearman Limited ("**Conyers**") as well as the Head of Conyers' Litigation & Restructuring Department, located at Clarendon House, 2 Church Street, Hamilton HM 11, Bermuda. Conyers is serving as special Bermuda counsel to Northeast Insurance Company Limited, an exempted company with limited liability incorporated under the laws of Bermuda, which holds a "class 2" license under the [Bermuda] Insurance Act 1978 (the "**Debtor**" or the "**Company**"). The Debtor is a captive insurer and was incorporated for the purpose of, inter alia, insuring and reinsuring medical malpractice, comprehensive general

---

[1] The Debtor is a limited liability company incorporated under Bermuda law. The Debtor's registered address is Clarendon House, 2 Church Street, Hamilton HM 11, Bermuda.

liability, auto liability, property deductible, directors' and officers' liability, and workers' compensation risks of its shareholder hospitals, UJA/Federation of Jewish Philanthropies of New York ("**UJA**") and camps, nursing homes and other not-for-profit charitable institutions associated with UJA.

2. I am over the age of eighteen and, except as otherwise indicated, all facts set forth in this declaration (this "**Declaration**") are based upon my personal knowledge, my opinion based upon my experience and knowledge of the Debtor and my review of relevant documents or information supplied to me. In preparing this Declaration, I have reviewed the (a) Chapter 15 Petition (as defined below), (b) Motion (as defined below), (c) documents prepared or filed in connection with the Bermuda Proceeding (as defined below), and (d) relevant provisions of the Bermuda Companies Act (as defined below) and other provisions of Bermuda law as they relate to chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**") and other aspects of U.S. bankruptcy law referred to in this Declaration. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

3. On October 7, 2025, the Debtor commenced a provisional liquidation proceeding under Part XIII of the Companies Act 1981 (the "**Bermuda Companies Act**") entitled *In the Matter of Northeast Insurance Company Limited and In the Matter of the Companies Act 1981*, pending before the Supreme Court of Bermuda (the "**Bermuda Court**"), Companies (Winding Up) Commercial Court, 2025: No. 252 (the "**Bermuda Proceeding**"), which remains pending.

4. I submit this declaration in support of the (i) *Chapter 15 Petition for Recognition of a Foreign Proceeding* (the "**Chapter 15 Petition**") and (ii) *Verified Petition od Northeast Insurance Company Limited (in Provisional Liquidation) and Motion of the Joint Provisional Liquidators for (A) Recognition of the Bermuda Proceeding as a Foreign Main Proceeding or, in*

*the Alternative, as a Foreign Nonmain Proceeding and (B) Certain Related Relief* (the "**Motion**"), filed contemporaneously herewith.

5. This Declaration comprises matters that are statements of my view of Bermuda law or statements of fact. Where the matters stated in this Declaration are statements regarding Bermuda law, such statements represent my view of Bermuda law as a Barrister admitted and authorized to practice in Bermuda. Where the matters stated in this Declaration are statements of fact that are within my personal knowledge, they are true. Where the matters stated in this Declaration that are statements of fact are not within my personal knowledge, they are derived, as appropriate, from documents maintained by the Registrar of Companies of Bermuda and/or from information supplied to me by or on behalf of the Debtor and are true to the best of my knowledge, information and belief.

## PERSONAL BACKGROUND AND QUALIFICATIONS

6. I am the Head of Conyers' Litigation & Restructuring Department and the Chairman of Conyers with expertise in commercial litigation, insolvency and corporate restructurings. I hold a B.A. in Philosophy from Trinity College and a Masters in Jurisprudence from Oxford University. I joined Conyers as an associate in 1994, after being called to the Bar of England and Wales and became the Chairman in 2017. I am a member in good standing of the Bermuda Bar Association.

7. I have considerable experience in matters related to Bermuda insolvency law. I have advised companies, creditors, and liquidators on a large number of winding-up proceedings, insolvent restructurings, and multinational reorganizations, a number of which were implemented by way of provisional liquidations in Bermuda.

8. I am, together with other directors and associates at Conyers, Bermuda counsel to the Debtor in connection with the Bermuda Proceeding.

## STATEMENTS OF BERMUDA LAW AND PRACTICE

**A.    Sources of Bermuda Law**

9.    Bermuda is a British Overseas Territory. As such, it is a self-governing but dependent territory of the United Kingdom. In common with other British Overseas Territories and former colonies, English law was introduced to Bermuda at the date of its settlement in 1612. The system of law in Bermuda is therefore founded on the English legal system, although there is a distinct body of Bermudian statutory law and Bermudian case law that has developed over the past 400 years.

10.    In particular, section 15 of the Supreme Court Act 1905 provides that the systems of law administered in Bermuda consist of (a) the common law of England, (b) the doctrines of equity of England and (c) the Acts of the Parliament of England of general application which were in force in England at the date of Bermuda's settlement on July 11, 1612, except where those laws have been altered by (1) United Kingdom legislation, since 1612, expressly made applicable to Bermuda, (2) local Bermuda legislation and (3) expansion or restriction of Bermuda common law since the year 1612. Law and equity are administered concurrently, and in any conflict, the rules of equity generally prevail.

**B.    The Bermuda Court System**

11.    The Bermuda Court is the court of first instance in Bermuda with unlimited jurisdiction for all civil and commercial disputes with a value in excess of BD$25,000. The Bermuda Court determines any proceedings relating to the affairs of companies incorporated in Bermuda under the Bermuda Companies Act. Relatedly, the Bermuda Court is also generally responsible for the resolution of insolvency cases in Bermuda, which includes provisional liquidation proceedings.

12.     The Court of Appeal for Bermuda (the "**Court of Appeal**") is the first-tier appellate court in Bermuda, made up of three judges who sit in quarterly sessions. It entertains appeals from the Bermuda Court.

13.     Appeals against decisions of the Court of Appeal are entertained by the Judicial Committee of the Privy Council (the "**Privy Council**"), which, although based in the United Kingdom, is Bermuda's highest appellate court. The Privy Council is ordinarily made up of a five-judge tribunal that sits in London. Its composition consists of members of the Supreme Court of the United Kingdom (formerly the House of Lords, and the highest appellate court for England and Wales, Scotland and Northern Ireland), as well as other senior judges from the Commonwealth jurisdictions.

C.     **The Common Law Principle of Precedent Is Applicable in Bermuda**

14.     Bermuda law, following English law in this regard, is based upon the common law principle of precedent. Under the doctrine of precedent, certain judicial decisions are 'binding' on other judges, and their reasoning or 'ratio decidendi' must be followed and applied, unless they are properly capable of being distinguished. A judge of the Bermuda Court is bound to follow and apply any relevant decision of the Court of Appeal and any relevant decision of the Privy Council. The Court of Appeal, in turn, is bound by any relevant decision of the Privy Council. Previous relevant decisions of the Privy Council are binding on the Privy Council itself, except in exceptional circumstances. The Privy Council can depart from a previous decision where it is right to do so, when, for example, the previous decision is thought to be wrong, there have been changes or developments to the law or the previous decision is thought to have led to results that were unjust or contrary to public policy.

15.     Under the doctrine of precedent, certain judicial decisions, or parts thereof (such as 'ex parte' rulings or 'obiter dicta'), may be 'persuasive,' and, depending on the facts of the case,

5

62353617.2

the seniority and experience of the tribunal, and the quality of their reasoning, should ordinarily be followed and applied, unless they are plainly wrong or are properly capable of being distinguished. In particular, decisions of the Bermuda Court are persuasive and should generally be followed by other judges of the Bermuda Court.

16. Furthermore, Bermudian courts often treat English case law as being persuasive for three main reasons.

17. First, many Bermuda statutes are based upon current or former United Kingdom legislation. As a result, decisions of the Superior Courts of England and Wales in respect of provisions of United Kingdom statute law that are identical to or similar to Bermuda law are considered in Bermuda to be highly persuasive authority.

18. Second, the decisions of the United Kingdom Supreme Court on matters of common law and statutory interpretation are extremely persuasive in Bermuda since the United Kingdom Supreme Court, sitting as the highest appellate Court for the United Kingdom, and the Privy Council, sitting as the highest appellate Court for Bermuda, share common membership. *See De Lasala v De Lasala* [1980] A.C. 546, 558.

19. Third, where issues of common law in Bermuda have not been expressly considered by the Bermuda courts, the Bermuda courts often find assistance in the consideration of such issues in reasoned judgments or rulings by judges of the Superior Courts of England and Wales, whether in the High Court of Justice, the United Kingdom Court of Appeal, or the United Kingdom Supreme Court. Furthermore, depending on the facts and the circumstances (including the legislative background, the jurisdictional and legal similarities, and the perceived quality of the tribunal and its reasoning), the Bermuda courts often find assistance in the consideration of issues in reasoned judgments by judges of the superior courts of other common law and offshore

jurisdictions, such as the British Virgin Islands, the Cayman Islands, Australia, New Zealand, Hong Kong, Singapore, and Canada. In practice, Privy Council decisions, on appeal from other common law jurisdictions, are treated as highly persuasive if the relevant common law or legislation is similar to the law of Bermuda.

**D.      Bermuda Insolvency Proceedings**

20.     As noted above, the Bermuda Court has jurisdiction over the affairs of companies that are incorporated in Bermuda. A compulsory winding-up proceeding is commenced by the filing of a petition with the Bermuda Court seeking a winding-up order which, if granted, results in the formal liquidation of the insolvent company. A petition for a winding-up order may be filed by, among others, the insolvent company itself or any of its creditors. The liquidation is conducted under the supervision of the Bermuda Court and, as I understand from the Debtor's U.S. counsel, Honigman LLP, is roughly analogous to a proceeding under chapter 7 of the Bankruptcy Code. The liquidation provides for a centralized process to resolve claims against an insolvent company and to issue distributions to creditors, to the extent sufficient assets are available.

21.     The Bermuda Court has jurisdiction to grant a winding-up order under Part XIII of the Bermuda Companies Act on any of eight separate grounds, including, among others:

(i)     the company (by way of a special resolution of the shareholders or by its board of directors) has resolved that the company shall be wound-up by the Bermuda Court;

(ii)    the company is unable to pay its debts, taking into account contingent and prospective liabilities; and

7

  (iii) the Bermuda Court is of the opinion that it is just and equitable that the company be wound-up.[2]

22. In certain circumstances, as in this instance, one or more provisional liquidators may be appointed in a compulsory winding-up immediately after the presentation of the petition for a winding-up order, but prior to the making of such a winding-up order. The Bermuda Court's jurisdiction to make such an order is contained in sections 170 (2) and 170 (3) of the Bermuda Companies Act:

> (2) The Court may on the presentation of a winding-up petition or at any time thereafter and before the first appointment of a liquidator appoint a provisional liquidator who may be the Official Receiver or any other fit person.
>
> (3) When the Court appoints a provisional liquidator, the Court may limit his powers by the order appointing him.

*Id.*

23. The Bermuda Companies Act, as supplemented by Bermuda common law, governs the insolvency of companies in Bermuda, and along with the Companies (Winding-Up) Rules 1982, provides that a Bermuda Court may appoint one or more provisional liquidators who may be the Official Receiver[3] or any other fit person following the presentation of a winding-up petition, and sets forth the permitted scope and powers of provisional liquidators. When the Bermuda Court appoints a provisional liquidator, the Bermuda Court may limit their powers by the order appointing them. *See* § 170(3) of the Bermuda Companies Act. A provisional liquidator

---

[2] The other grounds are set out at section 161 of the Bermuda Companies Act, and are: (i) a failure to hold a statutory meeting, to lay financial accounts, or to appoint an auditor; (ii) failing to commence business within one year of incorporation or suspending business for a whole year; (iii) carrying on an activity restricted under the Bermuda Companies Act without the required licence; (iv) carrying on an activity prohibited by the Bermuda Companies Act; and (v) obtaining a consent from the Minister under the Bermuda Companies Act by way of material misstatement.

[3] The Official Receiver is a public officer appointed under section 3 of the Bermuda Companies Act tasked with discharging the duties conferred or imposed upon him under the Bermuda Companies Act or any other act.

62353617.2

remains in office until released by the Bermuda Court or until creditors elect a permanent liquidator, which in practice is usually the same individual who was acting as provisional liquidator.

24. The powers and duties of a provisional liquidator are therefore prescribed and limited by the terms of the order appointing them. A provisional liquidator is an officer of the Bermuda Court that is subject to the control and supervision of the Bermuda Court and its role is usually to ascertain, oversee and preserve the assets of the company seeking the winding-up petition for the benefit of creditors, albeit while management stays in control. A provisional liquidator is required to be independent from the management of a company and its creditors and is required to act in an evenhanded fashion between creditors or groups of creditors (i.e., for the benefit of the Company's creditor body as a whole and not just a single creditor or group of creditors) and in accordance with the terms of the order appointing them. If any person is dissatisfied by the provisional liquidator's act, omission or decision, they may apply to the Court and request that the Court reverse or modify the act or decision complained of. *See* § 176(5) of the Bermuda Companies Act.

25. Pursuant to section 167(4) of the Bermuda Companies Act, the appointment of a provisional liquidator or the making of a winding-up order brings into effect an automatic statutory stay of actions and proceedings against the company, similar to the automatic stay granted upon entry of the order for relief under the Bankruptcy Code, with the effect that actions may not be commenced or continued against the company without leave of the Bermuda Court and subject to such terms as the Bermuda Court may impose.

26. On October 7, 2025, the Company commenced the Bermuda Proceeding by filing with the Bermuda Court a winding-up petition, a true and correct copy of which is attached hereto

as **Exhibit A** (the "**Winding-Up Petition**"), seeking the appointment of the JPLs (as defined below) as joint and several provisional liquidators of the Company.

27. On October 9, 2025, the Bermuda Court issued an order appointing Mike Morrison and Mark Allitt as the joint provisional liquidators (the "**JPLs**"), a true and correct copy of which is attached hereto as **Exhibit B** (the "**JPL Appointment Order**"). The JPL Appointment Order mandated that the JPLs are to, among other things, sell the assets of the Company and to implement a restructuring with the Company's creditors, or effect an orderly run-off, sale and/or liquidation of the Company's assets and liabilities, during which time the JPLs will displace the board of directors and assume control of the company and, in doing so, protect the interests of creditors as a whole. The JPL Appointment Order also authorized the JPLs "to apply to any foreign court (wherever situated) for recognition of their appointment or in connection with any other proceedings in order to take advantage of any insolvency or bankruptcy protections that such foreign law, procedures or proceedings may provide to the Company." JPL Appointment Order, ¶ 1(f).

28. I understand that the Foreign Representative is seeking recognition of the Bermuda Proceeding under Chapter 15 of the Bankruptcy Code, and I file this Declaration in support thereof. I believe that the Bermuda Proceeding (together with the Sanction Order) is a "foreign proceeding" as that term is used in section 101(23) of the Bankruptcy Code, based on my understanding thereof.

62353617.2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 14th day of October, 2025
in Hamilton, Bermuda

/s/ C. Christian R. Luthi
C. Christian R. Luthi
CONYERS DILL & PEARMAN
Clarendon House, 2 Church Street
Hamilton HM 11
Bermuda