# Exhibit A

IN THE SUPREME COURT OF BERMUDA

COMPANIES (WINDING UP)

COMMERCIAL COURT

2025: No. 252

IN THE MATTER OF NORTHEAST INSURANCE COMPANY LIMITED

AND IN THE MATTER OF THE COMPANIES ACT 1981



PETITION

**To:** The Supreme Court of Bermuda

THIS HUMBLE PETITION of Northeast Insurance Company Limited, of Clarendon House, 2 Church Street, Hamilton HM 11, Bermuda, showeth as follows:

**A.    THE COMPANY**

1. Northeast Insurance Company Limited (the "**Company**"), registration number 4282, was incorporated as a limited liability company pursuant to the laws of Bermuda on 16 December 1975. The Company is licensed under the Insurance Act 1978 of Bermuda as a Class 2 insurer. Its registered office address is Clarendon House, 2 Church Street, Hamilton HM 11, Bermuda.

2. The Company is owned by five not-for-profit institutions, all of whom are insureds, and who are associated with the UJA/Federation of Jewish Philanthropies of New York ("**UJA**"). In addition to this, FFH Insurance Company Limited ("**FFH**") holds 100% of Class A Preference Shares issued by the Company.

3. The Company was incorporated for the purpose of, *inter alia*, insuring and reinsuring medical malpractice, comprehensive general liability, auto liability, property deductible, directors' and officers' liability, and workers' compensation risks of its shareholder hospitals, UJA, camps, nursing homes and other not-for-profit charitable institutions associated with UJA. The Company's participation in the insurance programs, some of which are administered on behalf of the insureds by FOJP Service Corporation, varied

1

from year to year. The Company had various reinsurance protections to limit its exposures, primarily on its workers' compensation and comprehensive general liability programs.

4. From 2002 to 2015 the Company had also reinsured FFH Insurance Corp. ("**FFH Corp**") a company affiliated through common shareholders, for hospital professional liability and general liability allocated loss adjustment expenses. During 2017, these contracts were the subject of a commutation agreement. FFH Corp is a wholly owned subsidiary of FFH, a company related through common shareholders.

5. During the year ended 31 December 2017, the Company determined to cease underwriting new risks and to enter a process of running off its existing liabilities.

B. **THE COMPANY'S FINANCIAL DETERIORATION**

6. As a result of the New York Child Victims Act ("**CVA**"), the Company was party to a number of claims brought by against alleged perpetrators. As at 30 June 2025, the Company was aware of more than 30 claims brought in terms of the CVA. However, in August 2025, the Company became aware of approximately 23 additional claims arising under policies fronted by AIG LLC and other insurers.

7. Under New York state law, these cases are allocated over the years that the abuse is alleged to happen, as opposed to one single year. This horizontal application of the CVA claims over a multi-year period has had a significant impact on the Company's financial position and the unexpected exposure to claims has necessitated a materially higher loss-reserve provision than that previously reflected in its most recent audited financial statements.

8. Due to the additional, unanticipated exposure, the Company's outstanding losses and loss expense reserves increased from $15.649 million to $29.068 million. As a result, the Company's board of directors (the "**Board**") has determined that the Company is insolvent on both a cash-flow and balance-sheet basis. The company will not be able to pay the losses implied in the reserves. The Board considers that, as matters stand, absent the intervention of this Court and the appointment of JPLs, the Company will be unable to raise sufficient funds to meet all of the anticipated settlement payments in respect of the CVA claims.

C. **APPOINTMENT OF JPLS**

9. The appointment of the JPLs and the provisional liquidation process will facilitate, with the benefit of the mandatory stay of proceedings, the run-off of the Company's remaining

policies and any remaining business in a controlled manner. The JPLs can lead negotiations with the creditors to identify whether there is any debt restructuring solution available which is to the benefit of the creditor group as a whole, while realising the Company's assets as required.

10. On 6 October 2025, the Directors of the Company passed a unanimous written resolution to petition to the Court to wind up the Company on the basis that the Company is unable to pay its debts as they fall due and is insolvent, and appoint the JPLs.

### D. GROUNDS FOR PETITION

11. The Company is insolvent. Absent an arrangement with the Company's creditors, it will be unable to pay its debts pursuant to section 162(c) of the Companies Act, read with section 33 of the Insurance Act 1978. The Board has determined the Company to be both cash flow and balance sheet insolvent.

**YOUR PETITIONER HUMBLY PRAYS THAT:**

1. Northeast Insurance Company Limited be wound up by the Court under the provisions of the Companies Act 1981;

2. Mike Morrison and Mark Allitt of Teneo (Bermuda) Limited, 19 Par-la-Ville, Third Floor, Hamilton HM 11, Bermuda be appointed as joint and several provisional liquidators of the Company;

3. The costs of and associated with this Petition be paid out of the assets of the Company; and

4. That such other order may be made as in the premises the Court shall deem fit.

Dated this the 7th day of October 2025.

_[signature]_

**Conyers Dill & Pearman Limited**
Attorneys for the Company

It is intended to serve this Petition on the Bermuda Monetary Authority and the Registrar of Companies.

**THE ABOVE PETITION** having been presented to this court on the 7 day of October 2025, it is ordered that this Petition shall be heard before the Court sitting on the 9 th day of October 2025 at 11 o'clock in the forenoon.

REGISTRAR

IN THE SUPREME COURT OF BERMUDA

COMPANIES (WINDING UP)

COMMERCIAL COURT

2025 No. 252

IN THE MATTER OF NORTHEAST INSURANCE COMPANY LIMITED

AND IN THE MATTER OF THE COMPANIES ACT 1981

---

**PETITION**

---



CONYERS DILL & PEARMAN LIMITED
**Attorneys for the Company**
Richmond House
12 Par-la-Ville, Hamilton
Bermuda
CRL/ADS/1010604

SUPREME COURT SERVICE
2025 OCT -7 PM 10: 36

5

LEGAL - 26894900.1