**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| NORTHEAST INSURANCE COMPANY LIMITED,[1] | Case No. 25-_____( ) |
| Debtor in Foreign Proceeding. | |

**DECLARATION OF MARK ALLITT PURSUANT TO 28 U.S.C. §1746**

I, Mark Allitt, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

**INTRODUCTION**

1. I am an individual over 21 years of age and am competent to testify and to provide this declaration (the "Declaration") in support of the: (i) *Chapter 15 Petition for Recognition of a Foreign Proceeding* (the "**Chapter 15 Petition**"); and (ii) *Verified Petition of Northeast Insurance Company Limited (in Provisional Liquidation) and Motion of the Joint Provisional Liquidators for (A) Recognition of the Bermuda Proceeding as a Foreign Main Proceeding or, in the Alternative, as a Foreign Nonmain Proceeding and (B) Certain Related Relief* (the "**Motion**"), filed contemporaneously herewith, which seek entry of an order recognizing provisional liquidation proceedings with respect to Northeast Insurance Company Limited (the "**Debtor**" or the "**Company**") currently pending before the Supreme Court of Bermuda (the "**Bermuda Court**"), Companies (Winding Up) Commercial Court, 2025: No. 252 (the "**Bermuda**

[1] The Debtor is a limited liability company incorporated under Bermuda law. The Debtor's registered address is Clarendon House, 2 Church Street, Hamilton HM 11, Bermuda.

**Proceeding**") as a foreign main proceeding pursuant to sections 1515, 1517, and 1520 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"),[2] both of which were filed concurrently herewith and to which this Court is respectfully referred. Michael Morrison and I (together, the "**Petitioners**" or the "**JPLs**") have been appointed Joint Provisional Liquidators of the Debtor.

2. I make this Declaration on the basis of documentation in my possession or supplied to me and on facts and matters that are known to me or of which I have been informed by others. Where I have been informed by others, the information is true to the best of my knowledge and belief.

3. I am a senior managing director with Teneo's financial advisory business, based in Bermuda. I have more than 20 years of experience focusing on insurance solutions for the global insurance, reinsurance, and captive industries. I am also a Chartered Insurance Practitioner. I have been based in Bermuda for the past 17 years. For these reasons, I am qualified to act as a Joint Provisional Liquidator and/or Liquidator of a Bermuda company.

4. The facts and matters contained in this Declaration are based on my own understanding gained through my review of the books and records of the Debtor together with knowledge gained in preparation for my role as one of the JPLs to include a company search at the Registrar of Companies in Bermuda, and since my appointment as one of the JPLs of the Debtor.

[2] Except as otherwise indicated, capitalized terms used herein carry the meanings ascribed to them in the Verified Petition.

## I. Background

5. The Debtor, registration number 4282, was incorporated as a limited liability company pursuant to the laws of Bermuda on December 16, 1975. The company is licensed under the Insurance Act 1978 of Bermuda as a Class 2 insurer.

6. The Debtor's registered office address is Clarendon House, 2 Church Street, Hamilton HM 11, Bermuda.

7. The Debtor has funded a retainer to its United States counsel and maintains such property in the United States.

8. The Debtor was incorporated for the purpose of, inter alia, insuring and reinsuring medical malpractice, comprehensive general liability, auto liability, property deductible, directors' and officers' liability, and workers' compensation risks of its shareholder hospitals, UJA/Federation of Jewish Philanthropies of New York ("**UJA**") and camps, nursing homes and other not-for-profit charitable institutions associated with UJA.

9. During the year ended December 31, 2017, the Debtor determined to cease underwriting new risks and to enter a process of running off its existing liabilities. At the time it ceased writing new policies, it maintained sound reserves and has met all of its obligations during this run off period.

10. In 2019, the State of New York passed the New York Child Victims Act (the "**CVA**") that extended the statute of limitations for victims of childhood sexual abuse to bring civil lawsuits against their abusers and institutions.

11. Fifty-five claims were brought in New York under the CVA against defendants that are insured by the Debtor. Most of these claims relate to incidents that occurred 30 to 40 years ago.

12. I understand that the CVA claims were unforeseeable at the time of cessation of writing new policies and, therefore, no corresponding reserves were funded at that time. The Debtor has determined that the liabilities associated with the CVA claims exceed the Debtor's assets. Accordingly, the Bermuda Proceeding was commenced to benefit from the mandatory stay of proceedings provided under Bermuda law and enable the Debtor to preserve its assets for the benefit of creditors as a whole.

13. On October 7, 2025, the Debtor filed a Petition seeking, among other things, the winding up of the Debtor and appointment of the JPLs.

14. The Bermuda Court has granted the Debtor's request and, by order October 9, 2025 (the "**Bermuda Order**"), Michael Morrison and I were appointed as JPLs and duly authorized foreign representatives of the Debtor. A true and correct copy of the Bermuda Order is attached hereto as **Exhibit A**.

15. Specifically, the Bermuda Order granted the JPLs the broad authority to undertake various actions with respect to the Debtor, including the authority:

> (a) to review the financial position of the Company and assess potential options to restructure the Company;
>
> (b) to consult with creditors of the Company in relation to options to restructure the Company;
>
> (c) to take such steps as they deem appropriate with respect to any settlements, compromises or arrangements (including seeking such sanction as the JPLs may consider necessary or desirable in the circumstances);
>
> (d) to take steps to sell the assets of the Company and to implement a restructuring with the Company's creditors, or effect an orderly run-off, sale and/or liquidation of the Company's assets and liabilities;
>
> (e) to sign off on and execute agreements, pleadings or any other document (with such court sanction as the JPLs may consider appropriate in the circumstances) on behalf of the Company;

> (f) if deemed necessary and/or appropriate by the JPLs, to apply to any foreign court (wherever situated) for recognition of their appointment or in connection with any other proceedings in order to take advantage of any insolvency or bankruptcy protections that such foreign law, procedures or proceedings may provide to the Company;
>
> (g) if deemed necessary, and in the interests of the creditors of the Company, to seek such other assistance of any courts in which any proceedings are brought, as the JPLs consider appropriate;
>
> (h) to provide a written report to the Bermuda Court from time to time and as the Bermuda Court may otherwise request or direct;
>
> (i) to retain and employ barristers, attorneys and solicitors, and such other agents and professional persons in Bermuda and elsewhere as the JPLs deem appropriate for the purpose of advising and assisting in the execution of their powers and enabling them to carry out their obligations as JPLs of the Company in overseas jurisdictions and territories;
>
> (j) to render and pay invoices out of the assets of the Company for the JPLs' own remuneration at their usual and customary rates (and this shall include all costs, charges and expenses of barristers, attorneys and solicitors, and all other agents, managers, accountants and other persons that the JPLs may employ); and
>
> (k) to set up, maintain and control bank accounts at any bank or financial institutions situated in Bermuda or elsewhere as appropriate, in their own name or in the name of the Company and accept deposits into and pay monies into such accounts for the purpose of meeting the payment of the reasonable fees and expenses of the JPLs including all reasonable costs, charges and expenses of attorneys and all other agents, managers, accountants and other persons that they may employ.

Bermuda Order, ¶1.

17. On the date hereof (the "**Petition Date**"), the JPLs commenced the case (the "Chapter 15 Case") by filing the Verified Petition for relief under Chapter 15 of the Bankruptcy Code. The JPLs seek recognition of the Bermuda Proceeding as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding under section 1517 of the Bankruptcy Code.

## II. The JPLs are the Foreign Representatives of the Debtor

18. Michael Morrison and I have been informed by our legal advisors that a Chapter 15 proceeding is commenced by the filing of a petition for recognition (and related documents) by the "foreign representative." We are further informed that a bankruptcy court may presume that the



62381910.3

person petitioning for Chapter 15 recognition is a foreign representative if the decision or certificate from the foreign court so indicates. We understand that "foreign representative" is defined in section 101(24) of the Bankruptcy Code to mean:

> "...a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24).

19. Michael Morrison and I have been appointed by the Bermuda Court on a provisional basis to administer the Debtor's affairs, and we have been authorized by the order appointing us to (among other matters) seek recognition under Chapter 15 of the United States Bankruptcy Code. Specifically, we have been authorized by the Bermuda Order to seek the assistance of the courts in the various jurisdictions where assets are located to secure the Debtor's assets in that jurisdiction. Bermuda Order ¶1(f).

20. In light of the statutory presumption, the Bankruptcy Code's definition of "foreign representative" and the express provisions of the Bermuda Order, I believe that Michael Morrison and I are foreign representatives of the Bermuda Proceeding.

## III. The Bermuda Proceeding is a Foreign Main Proceeding

21. I believe that the Bermuda Proceeding is a "foreign main proceeding" within the meaning of Section 1502(4) of the Bankruptcy Code .

22. Michael Morrison and I have been informed by our legal advisors that "foreign proceeding" is defined in section 101(23) of the Bankruptcy Code to mean: "…a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the Debtors are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation" 11 U.S.C. § 101(23).

23. I believe that the Bermuda Proceeding falls within the foregoing definition. The provisional liquidation proceeding is a collective judicial proceeding, in Bermuda, governed by Bermuda statute applicable to corporate insolvencies. In the provisional liquidation proceeding the Debtor's assets and affairs are subject to the control or supervision of the Bermuda Court. The purpose of the provisional liquidation proceeding is to take steps to sell the assets of the Company and to implement a restructuring with the Company's creditors, or effect an orderly run-off, sale and/or liquidation of the Company's assets and liabilities.

24. Michael Morrison and I have been informed by our legal advisors that Section 1517(b)(1) of the Bankruptcy Code provides that a foreign proceeding shall be recognized as a "foreign main proceeding" if the foreign proceeding is pending in the country where the debtor has "the center of its main interests" ("COMI"). COMI is not defined in Chapter 15, but Section 1516(c) of the Bankruptcy Code provides that "[i]n the absence of evidence to the contrary, the debtor's registered office, or habitual residence in the case of an individual, is presumed to be the center of the debtor's main interests." 11 U.S.C. § 1516(c).

25. We believe that, based on its place of registered office, the COMI of Debtor is Bermuda.

26. Additional factors supporting COMI in Bermuda for the Debtor include its Bermuda insurance license and its regulation as a Bermuda insurer by the Bermuda Monetary Authority. The Debtor's operations are carried out through its designated insurance manager, which since 2021 has been Strategic Risk Solutions (Bermuda) Ltd, a Bermuda company. The books and records of the Debtor, as well as certain of its bank accounts and assets, are located in Bermuda.

**IV. Alternatively, the Bermuda Proceeding is a Foreign Nonmain Proceeding**

27. In the event that the Court concludes that the Debtor's COMI is not Bermuda, the JPLs believe that the Court should recognize the Bermuda Proceeding as a foreign nonmain proceeding. The JPLs are informed by their legal advisors that a foreign nonmain proceeding takes place in a jurisdiction that is not the entity's center of main interests but where it has an "establishment," defined as "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. §§ 1502(2), (5).

28. As of the date of the filing of the Chapter 15 petition the Debtor had a place of business in Bermuda. Thus, it is evident the Debtor has an establishment in Bermuda.

29. Besides the Petitioners, who report to and are supervised by the Bermuda Court, the Debtor has no foreign administrators and there are no other insolvency proceedings regarding the Debtor anywhere in the world.

**STATEMENT PURSUANT TO SECTION 1515(c) OF THE BANKRUPTCY CODE**

30. I am informed that section 1515(c) of the Bankruptcy Code provides that "[a] petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative."

31. In compliance with section 1515(c) of the Bankruptcy Code, I hereby declare that the only foreign proceedings (as such term is defined in section 101(23) of the Bankruptcy Code) pending with respect to the Debtor that are known to me is the Bermuda Proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 14th day of October, 2025
in Hamilton, Bermuda

Signed by:

E62B69371F47481...

Mark Allitt
19 Par-La-Ville Road
3rd Floor
Hamilton HM 11
Bermuda