# Exhibit A

IN THE SUPREME COURT OF BERMUDA
COMPANIES (WINDING UP)
COMMERCIAL COURT
2025: No. 252

IN THE MATTER OF NORTHEAST INSURANCE COMPANY LIMITED

AND IN THE MATTER OF THE COMPANIES ACT 1981

### ORDER

**UPON READING** the Petition presented by Northeast Insurance Company Limited (the "**Company**") on 7 October 2025 and the *ex parte* Summons filed herein seeking the appointment of joint provisional liquidators

**AND UPON READING** the First Affidavit of Brad Meindersma sworn on 7 October 2025 and the exhibits thereto ("**BM-1**")

**AND UPON HEARING** Counsel for the Company

**IT IS HEREBY ORDERED** as follows:

1   The Petition shall be adjourned to 9:30am on Friday, 5 December 2025.

2   That Mark Allitt and Michael Morrison of Teneo (Bermuda) Ltd be appointed as joint and several provisional liquidators ("**JPLs**") of the Company with full powers, including but not limited to:-

   (a)   To review the financial position of the Company and assess potential options to restructure the Company;

1

LEGAL - 26911829.1

(b) To consult with creditors of the Company in relation to options to restructure the Company;

(c) To take such steps as they deem appropriate with respect to any settlements, compromises or arrangements (including seeking such sanction as the JPLs may consider necessary or desirable in the circumstances);

(d) take steps to sell the assets of the Company and to implement a restructuring with the Company's creditors, or effect an orderly run-off, sale and/or liquidation of the Company's assets and liabilities;

(e) sign off on and execute agreements, pleadings or any other document (with such court sanction as the JPLs may consider appropriate in the circumstances) on behalf of the Company;

(f) if deemed necessary and/or appropriate by the JPLs, to apply to any foreign court (wherever situated) for recognition of their appointment or in connection with any other proceedings in order to take advantage of any insolvency or bankruptcy protections that such foreign law, procedures or proceedings may provide to the Company;

(g) if deemed necessary, and in the interests of the creditors of the Company, to seek such other assistance of any courts in which any proceedings are brought, as the JPLs consider appropriate;

(h) to provide a written report to this Court from time to time and as this Court may otherwise request or direct;

(i) to retain and employ barristers, attorneys and solicitors, and such other agents and professional persons in Bermuda and elsewhere as the JPLs deem appropriate for the purpose of advising and assisting in the execution of their powers and enabling them to carry out their obligations as JPLs of the Company in overseas jurisdictions and territories;

LEGAL - 26911829.1

    (j)    to render and pay invoices out of the assets of the Company for the JPLs' own remuneration at their usual and customary rates (and this shall include all costs, charges and expenses of barristers, attorneys and solicitors, and all other agents, managers, accountants and other persons that the JPLs may employ);

    (k)    to set up, maintain and control bank accounts at any bank or financial institutions situated in Bermuda or elsewhere as appropriate, in their own name or in the name of the Company and accept deposits into and pay monies into such accounts for the purpose of meeting the payment of the reasonable fees and expenses of the JPLs including all reasonable costs, charges and expenses of attorneys and all other agents, managers, accountants and other persons that they may employ; and

    (l)    subject to the Company's power at 1(f) above to act as the Company's authorised foreign representative for the purposes stated therein, to seek recognition of the provisional liquidation or the appointment of the JPLs in any jurisdiction the JPLs consider necessary, or both, together which such other relief the JPLs may consider necessary for the proper exercise of their functions within those jurisdictions and to make applications to the court(s) of such jurisdiction for that purpose.

3    For the avoidance of any doubt, no payment or disposition of the Company's property shall be made or effected without the approval of the JPLs and, subject to paragraph 3 below, no such payment or other disposition made or effected by or with the authority of the JPLs in carrying out their duties and functions and in the exercise of their powers under this Order shall be avoided by virtue of the provisions of section 166 of the Companies Act 1981.

4    The JPLs shall have leave to serve any and all notices or proceedings on creditors located out of the jurisdiction by way of email where possible or otherwise by the JPLs' usual mode of communication.

5    In the event that a winding-up order is made against the Company, any reasonable fees and expenses of the JPLs including all reasonable costs, charges and expenses of

LEGAL - 26911829.1

attorneys and all other agents, managers, accountants and other persons that they may employ, which are payable in accordance with the terms of any orders which may be made by this Court, and which are outstanding at the date of the winding-up order, shall be treated as fees and expenses properly incurred in preserving, realising or getting in the assets of the Company for the purposes of Rule 140 of the Companies (Winding-Up) Rules 1982.

6   The JPLs shall be at liberty to submit to the Registrar of the Supreme Court of Bermuda bills of costs for taxation for all costs, charges and expenses of those persons or firms employed by him, with such taxation to be on an attorney and own client basis with respect to attorneys and on an equivalent basis for all managers, accountants and other persons.

7   The Court File in these proceedings be sealed and not available for inspection to the public until further order of the Court, save for that it be available for inspection and the obtaining of copies of documents: (a) by any party that has filed and served a Notice of Intention to Appear on the Petition and who satisfies the joint and several provisional liquidators of the Company that they are a creditor or contributory of the Company; or (b) with the consent of the joint and several provisional liquidators; or (c) with leave of the Court.

8   The powers of the JPLs may be exercised jointly and severally.

9   The costs of and associated with the application for the appointment of the JPLs be paid out of the assets of the Company in priority to all other liabilities as an expense of the provisional liquidation.

DATED this 9 th day of October 2025

CHIEF JUSTICE / ~~PUISNE JUDGE~~

4

IN THE SUPREME COURT OF BERMUDA

COMPANIES (WINDING UP)

COMMERCIAL COURT

2025: No. 252

IN THE MATTER OF NORTHEAST INSURANCE COMPANY LIMITED

AND IN THE MATTER OF THE COMPANIES ACT 1981

---

***Draft* ORDER**

---



**CONYERS DILL & PEARMAN LIMITED**
Richmond House
12 Par-la-Ville, Hamilton
Bermuda
CRL/ADS/1010604